IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

THOMAS W. SIKES,

    Plaintiff,

vs.      CV 316-074

UNITED STATES DEPARTMENT OF
THE NAVY,

    Defendant.

## O R D E R

On January 5, 2017, Defendant United States Department of the Navy (the "Navy") filed a motion to dismiss Plaintiff Thomas W. Sikes's complaint. Thereafter, Plaintiff, who is proceeding *pro se*, moved to amend his complaint to supplement his second cause of action. The Navy did not oppose the amendment. Accordingly, by Order of the Court, Plaintiff's amended complaint was filed on February 13, 2017; it is the operative complaint in this case. Plaintiff filed a response to the motion to dismiss on February 13, 2017.

On February 28, 2017, the Navy filed a motion to dismiss Plaintiff's amended complaint. Plaintiff responded on March 9, 2017. The motion to dismiss is ripe for consideration.[1]

---

[1] The Navy has moved for summary judgment in the alternative. However, neither the Navy nor the Plaintiff (save the sealed purported copy of a suicide note attached to his latest response) has submitted any material outside of the pleadings. Nevertheless, the Clerk issued the requisite <u>Griffith</u> notice. The Court has analyzed the motion under Federal Rule of Civil

I. BACKGROUND

Plaintiff's amended complaint seeks relief pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 *et seq.* To put the amended complaint in context, it is necessary to recap Plaintiff's first FOIA lawsuit filed in this Court in May of 2012. See Sikes v. United States of America, Civil Action No. 3:12-045 (S.D. Ga. May 24, 2012) (Bowen, J., presiding) ("Sikes I").

A. Sikes I[2]

In the first FOIA case, Plaintiff, who was represented by counsel, sought documents pursuant to two separate FOIA requests to the Navy. In FOIA Request 1, Plaintiff sought "a complete list of all invitees and attendees for the April 24, 1994 CNO change of command ceremony, including individuals, their spouses, and the invitees' guests." The subject ceremony was held for the purpose of swearing in the incoming Chief of Naval Operations ("CNO"), Admiral Jeremy Michael Boorda. Ultimately, the Court granted summary judgment in Plaintiff's favor and ordered the production of an unredacted invitation list for the ceremony. (See Order of Dec. 6, 2013, Sikes I, Doc. No. 43.)

---

Procedure 12(b), and to be sure, no materials outside of the pleadings were considered, including the suicide note.

[2] The Court takes judicial notice of these facts as found in the summary judgment proceedings of Sikes I.

In FOIA Request 2, Plaintiff requested "[s]everal memorandum notes, business cards, laminated cards containing telephone numbers, and a six page handwritten document which appear to be notes relating to official business," which were removed by the Naval Criminal Investigative Service ("NCIS") from the back seat of Admiral Boorda's car on May 16, 1996. Request 2 additionally requested "Exhibit 36," which is the vehicle inventory of Admiral Boorda's official vehicle, "if and to the extent that such might differ from the above." According to Plaintiff, Admiral Boorda drove that vehicle immediately after his morning staff meetings at the Pentagon and less than two hours before his apparent suicide. The Navy moved to dismiss Plaintiff's claim respecting FOIA Request 2 because it had produced the requested material to Plaintiff on June 27, 2012, after the filing of the lawsuit. More specifically, the United States Attorney's Office transmitted by email to Plaintiff's counsel an eleven-page document as the Navy's response to FOIA Request 2.[3] Plaintiff did not challenge this production as incomplete, erroneous, or otherwise non-responsive; thus, the Court dismissed this claim as moot (although Plaintiff's motion for attorney's fees in

---

[3] The eleven pages included a two-page typewritten report titled "CNO Vehicle Inventory Results" followed by nine pages of the "memorandum notes, business cards, laminated cards containing telephone numbers and a six page handwritten document" referred to in the report. (See Decl. of John R. Hunt, Sikes I, Doc. No. 30-7.)

3

prosecuting the claim remained). (See Order of Dec. 6, 2013, in Sikes I, Doc. No. 43.)

On April 7, 2014, the Court awarded Plaintiff $45,845.58 in attorney's fees and expenses and closed the case.

**B.    The Instant FOIA Case**

In the amended complaint in this case, Plaintiff explains that following Sikes I, he sent eight additional FOIA requests related to Admiral Boorda. According to Plaintiff, only two of the eight additional requests are relevant to this litigation.[4] Thus, there are two counts in Plaintiff's amended complaint.

FOIA Request 5, which is the basis of the first count of the amended complaint, seeks "an accurate and complete copy of the document requested in FOIA Request 2" from Sikes I. (Am. Compl. ¶ 24.) More specifically, Plaintiff asks the Court "to obtain from the Navy for purposes of *in camera* review an authentic copy of the entire NCIS Report of Investigation of Admiral Boorda's suicide, to enable the Court to see explicitly what Plaintiff believes to be the substitution(s) made in (portions of) Exhibit 36 at the time the Navy responded to FOIA Request 2 in June of 2012." (Id. ¶ 63.)

---

[4] In continuation of the nomenclature used in Sikes I, Plaintiff refers to the additional eight requests as FOIA Requests 3 through 10. For ease of reference, the Court will adopt this nomenclature herein. The requests at issue in this case are FOIA Requests 5 and 10.

4

Plaintiff's FOIA Request 10, which is the basis of the second count of the amended complaint, seeks "a complete unredacted copy of the 1996 NCIS Report of Investigation of the suicide of Admiral Boorda."[5] (Id. ¶ 30.) Despite this comprehensive request, Plaintiff's cause of action focuses only on Admiral Boorda's suicide note to his wife. In responding to FOIA Request 10, the Navy withheld the suicide note under the privacy exemption. However, the Navy produced a photograph of the note on Admiral Boorda's desk, but the note itself is illegible in the photograph.[6] (See Compl., Ex. K2, at 34.) Even so, Plaintiff claims to have a copy of the actual suicide note, which he refers to in the amended complaint as the "Putative Copy."[7] In this second cause of action, Plaintiff seeks the contents of the suicide note to Admiral Boorda's wife either through production of a copy of the actual note itself or through some certification that his purported copy reflects the actual contents of the note.

---

[5] A redacted version of the report appears on the United States Navy's website.

[6] The Navy contends, and Plaintiff has not contravened, that the note in the photograph was not blurred through any intentional means or as a form of redaction. It is simply unreadable.

[7] Plaintiff states that he "informally obtained what appears to be a properly focused copy of the Admiral's final note to his wife," but he further states that a comparison of his purported copy and a magnified version of the desktop photograph would not "provide an official Navy imprimatur." (Am. Compl., ¶ 90 & n.73.)

Specifically, "**Plaintiff asks the Court to direct the Navy to provide** on the record a copy of the Admiral's final note to his wife, <u>or</u> to provide evidence verifiable by the Court that the Admiral's final note to his wife is *different from* a certain Putative Copy offered by Plaintiff, if indeed they are different." (Am. Compl. ¶ 43 (emphasis in original).) Later in the amended complaint, Plaintiff repeats his request that the Court order the Navy "to furnish on the record a copy of the Admiral's final note to his wife . . . ." (<u>Id.</u> ¶ 91.)

In its motion to dismiss, the Navy argues that both FOIA counts must be dismissed under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction and under 12(b)(6) for failure to state a claim upon which relief can be granted. The Navy also argues that the first count involving FOIA Request 5 is barred by the doctrine of *res judicata*.

## II. LEGAL STANDARD

"Attacks on subject matter jurisdiction under Federal Rule of Civil Procedure Rule 12(b)(1) come in two forms" - facial or factual. <u>Lawrence v. Dunbar</u>, 919 F.2d 1525, 1528-29 (11th Cir. 1990). Facial attacks, such as the attack the Navy makes against Plaintiff's FOIA claims, are based "solely on the allegations of the complaint." <u>Carmichael v. Kellogg, Brown & Root Servs., Inc.</u>, 572 F.3d 1271, 1279 (11th Cir.

2009). The Court must accept as true all the allegations in the complaint and construes them in the light most favorable to the plaintiff. Sea Vessel Inc. v. Reyes, 23 F.3d 345, 347 (11th Cir. 1994). Moreover, the Court limits its analysis to the complaint and the exhibits attached thereto. Id.

In considering a motion to dismiss under Rule 12(b)(6), the court tests the legal sufficiency of the complaint, not whether the plaintiff will ultimately prevail on the merits. Scheur v. Rhodes, 416 U.S. 232, 236 (1974). The court must accept as true all facts alleged in the complaint and construe all reasonable inferences in the light most favorable to the plaintiff. See Hoffman-Pugh v. Ramsey, 312 F.3d 1222, 1225 (11th Cir. 2002). The court, however, need not accept the complaint's legal conclusions as true, only its well-pled facts. Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009).

A complaint also must "contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" Id. at 663 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The plaintiff is required to plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Although there is no probability requirement at the pleading stage, "something beyond . . . mere possibility . . . must be alleged." Twombly, 550 U.S. at 556-57 (citing Durma Pharm., Inc. v.

7

Broudo, 544 U.S. 336, 347 (2005)). When, however, on the basis of a dispositive issue of law, no construction of the factual allegations of the complaint will support the cause of action, dismissal of the complaint is appropriate. See Executive 100, Inc. v. Martin County, 922 F.2d 1536, 1539 (11th Cir. 1991).

Finally, the doctrine of *res judicata*, or claim preclusion, bars a litigant from raising claims that were raised or could have been raised in a prior action if: "(1) the prior decision was rendered by a court of competent jurisdiction; (2) there was a final judgment on the merits; (3) the parties were identical in both suits; and (4) the prior and present causes of action are the same." Davilla v. Delta Air Lines, Inc., 326 F.3d 1183, 1187 (11th Cir. 2003) (quoted sources omitted). The prior and present causes of action are the same if they arise "out of the same nucleus of operative fact, or [are] based upon the same factual predicate." Id. (quoted source omitted).

### III. DISCUSSION

The Navy moves to dismiss both of Plaintiff's FOIA claims on the basis that this Court lacks subject matter jurisdiction under the FOIA under Federal Rule of Civil Procedure 12(b)(1). Jurisdiction under the FOIA "is based upon the plaintiff's showing that an agency has improperly withheld agency

records." Brown v. U.S. Dep't of Justice, 169 F. App'x 537, 540 (11th Cir. 2006) (quoting 5 U.S.C. § 552(a)(4)(B) ("A district court has jurisdiction over a complaint brought under the FOIA 'to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant.'")). Thus, "federal jurisdiction is dependent upon a showing that an agency has (1) 'improperly'; (2) 'withheld'; (3) 'agency records.'" Kissinger v. Reporters Comm. for Freedom of Press, 445 U.S. 136, 150 (1980). The Court will address each of Plaintiff's claims in turn.

### A. FOIA Request 5

The Navy points out that it has produced (i.e., did not withhold) records in response to FOIA Request 5 when it produced Exhibit 36 to Plaintiff pursuant to his FOIA Request 2 in Sikes I. This Court agrees with the Navy and concludes that it therefore does not have subject matter jurisdiction over the claim because at the time of filing his complaint in this case, the Navy had not withheld documents responsive to FOIA Request 5. The documents were produced in Sikes I in June 2012 in response to FOIA Request 2. Indeed, Plaintiff admits that FOIA Request 5 is the same as FOIA Request 2.

Plaintiff complains, however, that the Navy never authenticated its production despite his attorney's request to do so during the pendency of Sikes I. (Am. Compl. ¶ 19.)

Yet, Plaintiff did not raise this issue in response to the Navy's motion to dismiss in Sikes I (see Pl.'s Opp'n to Def's Mot. to Dismiss, Sikes I, doc. no. 12), and thus, the claim was dismissed as moot without addressing this issue by Order entered on January 10, 2013 (doc. no. 17). Then, one year later, in his response to the Navy's Notice of Compliance in Sikes I that it had provided the unredacted invitation list as ordered in response to FOIA Request 1, Plaintiff mentioned that the Navy had not provided the requisite certification to its production in response to FOIA Request 2. (See Pl.'s Resp. to Def.'s Notice of Compliance, Sikes I, Doc. No. 53, filed on Jan. 3, 2014.) This response was filed while the motion for attorney's fees was pending in Sikes I and the case was still open; yet, Plaintiff did not file a motion or any other request for relief respecting the lack of certification.

Here, in his amended complaint, Plaintiff alleges that he did not have reason to believe that the production in June 2012 was inaccurate until he filed the additional eight FOIA requests. Plaintiff alleges that the Navy's responses thereto and its steadfast refusal to certify its production of documents in response to FOIA Request 2 demonstrate that the Navy has acted fraudulently or in bad faith.

Plaintiff's conjecture of bad faith and/or fraud, however, does not cure his pleading deficiency. Plaintiff has not alleged that the Navy has withheld an agency record in

10

response to his FOIA Request 5. Instead, he agrees that the Navy has already produced responsive documents. Plaintiff though asks the Court to conduct an *in camera* review of the Navy's response to FOIA Request 5 to determine whether the Navy made any substitutions or omissions in its response to FOIA Request 2. This request for relief, however, is beyond the scope of the FOIA. The FOIA grants this Court jurisdiction (1) "to enjoin the agency from withholding agency records" or (2) "to order the production of any agency records improperly withheld." 5 U.S.C. § 522(a)(4)(B). The FOIA permits *in camera* review of agency records "to determine whether such records or any part thereof shall be withheld under any of the exemptions . . . ." Id. The FOIA does not provide for this Court's jurisdiction to conduct an inquiry into the adequacy of a past production of documents in another case, particularly where the complainant cannot allege that the documents have been improperly withheld.

In short, this Court does not have jurisdiction over Plaintiff's claim respecting FOIA Request 5 in that Plaintiff has failed to allege that the Navy has improperly withheld an agency record.[8]

---

[8] Because it has already produced responsive records, the Navy also couches its argument respecting subject matter jurisdiction in terms of mootness. This is appropriate because "Article III of the Constitution limits the jurisdiction of the federal courts to the consideration of Cases and Controversies." Troiano v. Supervisor of Elections

11

B.  FOIA Request 10

Turning now to FOIA Request 10, it is important to carefully delineate Plaintiff's claim. In his amended complaint, Plaintiff seeks the production of the suicide note. With respect to this claim, Plaintiff does not expressly contend that the Navy improperly withheld the note. Rather, Plaintiff is relying upon "the well-established principle of FOIA law that the agency cannot withhold a document previously released." (Am. Compl. ¶ 84.) In the alternative, Plaintiff asks the Navy to "provide evidence verifiable by the Court that the Admiral's final note to his wife is *different from* a certain Putative Copy offered by Plaintiff, if indeed they are different." (Id. ¶ 43 (emphasis in original).) Upon considering Plaintiff's requests, the Court concludes that this claim must also be dismissed.

As stated, in response to FOIA Request 10, the Navy

---

in Palm Beach Cnty., Fla., 382 F.3d 1276, 1281 (11th Cir. 2004) (citation and internal quotation marks omitted). "The doctrine of mootness derives directly from the case-or-controversy limitation because an action that is moot cannot be characterized as an active case or controversy." Al Najjar v. Ashcroft, 273 F.3d 1330, 1335 (11th Cir. 2001) (citation and internal quotation marks omitted). "A case is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief." Etheridge v. Hall, 996 F.2d 1173, 1175 (11th Cir. 1993).

Moreover, while the Court need not definitively resolve the Navy's concerns about *res judicata*, its argument is persuasive. Plaintiff's attack in his first cause of action appears to be an attempt to relitigate an issue determined in Sikes I albeit under a different FOIA Request.

produced a photograph of Admiral Boorda's desk that depicts an unclear image of his final note to his wife. Consequently, Plaintiff contends that the Navy has already produced the note and cannot now withhold the actual note. Plaintiff's premise, however, is faulty. The note has not been released. In fact, it was redacted based upon the FOIA privacy exemption, see 5 U.S.C. § 552(b)(6). The fact that the note is unclear or blurred in the released photograph is not inconsistent with the Navy's intent to withhold the contents of the note. In short, the Navy has not somehow waived the privacy exemption by producing a photograph that incidentally contains a blurry, illegible depiction of the suicide note.

Plaintiff's alternative request fares not better. In fact, it fails for the same reason that his FOIA Request 5 failed. Plaintiff once again asks this Court to perform an *in camera* review, this time comparing the actual suicide note to the contents of Plaintiff's "Putative Copy" of the note. The FOIA does not provide a basis for this type of inquiry. And while the FOIA permits *in camera* review of agency records "to determine whether such records or any part thereof shall be withheld under any of the exemptions . . . ," 5 U.S.C. § 522(a)(4)(B), Plaintiff is not challenging the Navy's assertion of the privacy exemption.

In conclusion, this Court lacks jurisdiction over Plaintiff's claim predicated on FOIA Request 10 because

13

Plaintiff has not alleged that the Navy "improperly" withheld the actual suicide note. See Kissinger, 445 U.S. at 150; United States DOJ v. Tax Analysts, 492 U.S. 136, 142 (1989) (stating that unless a plaintiff can show that an agency improperly withheld an agency record, "a district court lacks jurisdiction to devise remedies to force an agency to comply with the FOIA's disclosure requirement").

IV. CONCLUSION

Upon the foregoing, Defendant's motion to dismiss the complaint (doc. no. 21) is **GRANTED** based upon this Court's lack of jurisdiction under Federal Rule of Civil Procedure 12(b)(1). The Clerk is directed to **TERMINATE** all pending motions, **ENTER JUDGMENT** in favor of Defendant, and **CLOSE** this case.

**ORDER ENTERED** at Augusta, Georgia, this 27th day of April, 2017.

/s/ Dudley H. Bowen
UNITED STATES DISTRICT JUDGE

14