FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2019 JAN -2 PM 3:57
CLERK
SO. DIST OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

| | | |
|---|---|---|
| THOMAS W. SIKES, | * | |
| Plaintiff, | * | |
| v. | * | CV 316-074 |
| UNITED STATES DEPARTMENT OF THE NAVY, | * | |
| Defendant. | * | |

### ORDER

On July 19, 2018, the Eleventh Circuit Court of Appeals remanded this case to this Court to adjudicate the claim that the Defendant United States Department of the Navy ("the Navy") wrongfully withheld documents responsive to an FOIA[1] request submitted by Plaintiff Thomas W. Sikes. The Navy now represents that it has complied with the subject FOIA request and therefore seeks summary judgment on Plaintiff's claim. For the reasons stated below, the Navy's motion for summary judgment is **GRANTED**.

### I. BACKGROUND

On August 26, 2011, Plaintiff submitted a FOIA request for "[s]everal memorandum notes, business cards, laminated cards

---

[1] The FOIA refers to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 *et seq.*

containing telephone numbers, and a six page handwritten document which appear to be notes relating to official business" recovered by the Naval Criminal Investigative Service ("NCIS") from the vehicle driven by Admiral Jeremy Michael Boorda shortly before his suicide.[2] This FOIA request has been referred to as "Request 2" in this and in the prior lawsuit between the parties, *i.e.*, Sikes v. United States, et al., Civil Action No. 312-045 (S.D. Ga. May 24, 2012) ("*Sikes I*").

After Plaintiff filed *Sikes I*, the Navy produced eleven pages of records in response to Request 2. Thereafter, Plaintiff did not challenge the sufficiency of the Navy's response in the case. That is, he did not challenge the adequacy of the Navy's search for responsive records or the propriety of the redactions applied to those records. Indeed, this Court found that records disclosed to Plaintiff "appear to fully satisfy FOIA Request 2" and that there was "no indication that [the Navy] withheld any portion of the materials requested by Plaintiff." (See *Sikes I*, Order of Dec. 6, 2013, Doc. No. 43, at 37.) The Court dismissed Plaintiff's claim respecting Request 2 as moot (although Plaintiff was awarded attorney's fees on the claim). (See *Sikes I*, Order of Jan. 10, 2013, Doc. No. 17, at 10-12 (dismissing the claim); and Order of Apr. 7, 2014, Doc. No. 57 (awarding attorney's fees).)

---

[2] Request 2 also requested "Exhibit 36," which is the vehicle inventory of Admiral Boorda's vehicle, "if and to the extent that such might differ from the above."

2

On April 30, 2014, Plaintiff submitted Request 5,[3] which sought "an accurate and complete copy of the document requested in FOIA Request 2" from *Sikes I*.[4] (Am. Compl., Doc. No. 19, ¶ 24.) The Navy provided no documents to Plaintiff in response because it had already produced documents in response to Request 2 in *Sikes I*. This Court upheld the Navy's withholding of responsive documents and dismissed Plaintiff's claim respecting Request 5. (Order of Apr. 27, 2017, Doc. No. 29, at 9-11.) Plaintiff appealed this decision.

On appeal, the Eleventh Circuit explained that Request 5 was an independent FOIA request and that the Navy could not rely upon its prior production to withhold responsive documents because no such exemption exists in the statute. Sikes v. U.S. Dep't of the Navy, 896 F.3d 1227, 1234 (11th Cir. 2018) ("The problem for the Navy, however, is that FOIA itself contains nothing that would allow an agency to withhold records simply because it has previously given them to the requester."). The Eleventh Circuit further held that Plaintiff's claim is not precluded by the prior litigation in *Sikes I* because Plaintiff's "goal" is not to challenge the sufficiency of the Navy's production, but to "see

---

[3] Plaintiff actually sent eight additional FOIA requests to the Navy related to Admiral Boorda, only two of which were subject to claims in the Amended Complaint in this case. The Court's dismissal of the other claim (related to Request 10) was affirmed on appeal.

[4] Specifically, Request 5 asked the Navy to "furnish a complete copy of all material requested by me on August 26, 2011, in [Request 2]."

3

whether the Navy will produce the same material now." Id. at 1236. The circuit court explained that the Navy's "failure to provide *any* records at all is what Sikes argues violated FOIA. He does not argue that the Navy must now give him something more than what he received in 2012-in fact those same documents are *exactly* what he seeks." Id. (emphasis added). The circuit court then remanded Plaintiff's claim respecting Request 5.

In adopting the mandate of the Eleventh Circuit, this Court was prepared to enter judgment in favor of Plaintiff because, as the circuit court held, the Navy had wrongfully withheld documents responsive to Request 5. (See Order of Sept. 11, 2018, Doc. No. 43, at 2.) The Court then gave the Navy fourteen days to show cause why judgment should not be entered in favor of Plaintiff.

The Navy timely filed the instant motion for summary judgment, contending that it has now responded to Request 5 and is therefore entitled to judgment in its favor. The Clerk gave Plaintiff notice of the summary judgment motion and the summary judgment rules, of the right to file affidavits or other materials in opposition, and of the consequences of default. (Doc. No. 45.) Therefore, the notice requirements of Griffith v. Wainwright, 772 F.2d 822, 825 (11th Cir. 1985) (per curiam), are satisfied. Plaintiff filed a brief in opposition to the motion for summary judgment,[5] the Navy

---

[5] Several days after Plaintiff filed his opposition brief, he moved to correct certain "scrivener's errors" in his brief. The motion (doc. no. 53) is hereby

4

filed a reply brief, and Plaintiff has now filed a sur-reply. The motion is ripe for consideration.

## II. SUMMARY JUDGMENT STANDARD

The Court should grant summary judgment only if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The purpose of the summary judgment rule is to dispose of unsupported claims or defenses which, as a matter of law, raise no genuine issues of material fact suitable for trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).

In considering a motion for summary judgment, all facts and reasonable inferences are to be construed in favor of the nonmoving party. Hogan v. Allstate Ins. Co., 361 F.3d 621, 625 (11th Cir. 2004). Moreover,

> [t]he mere existence of some factual dispute will not defeat summary judgment unless the factual dispute is *material* to an issue affecting the outcome of the case. The relevant rules of substantive law dictate the materiality of a disputed fact. A genuine issue of material fact does not exist unless there is sufficient evidence favoring the nonmoving party for a reasonable jury to return a verdict in its favor.

Chapman v. AI Transp., 229 F.3d 1012, 1023 (11th Cir. 2000) (*en banc*) (quoted source omitted) (emphasis supplied). The party opposing the summary judgment motion, however, "may not rest upon

---

**GRANTED.** Also, Plaintiff recently filed a motion to supplement his sur-reply (doc. no. 60), which is also **GRANTED.**

the mere allegations or denials in its pleadings. Rather, its responses . . . must set forth specific facts showing that there is a genuine issue to be tried." Walker v. Darby, 911 F.2d 1573, 1576-77 (11th Cir. 1990).

### III. DISCUSSION

To be clear, the Navy has presented evidence that it did not merely provide to Plaintiff a duplicate set of the eleven pages it had previously produced in response to Request 2. Rather, the Navy

> conducted an electronic search for responsive records within NCIS's Records and Information Management System (RIMS) on September 17, 2018. The search revealed that case number 16MAY96-DCWA-0278-7HRR contained all documents pertaining to NCIS's investigation into the death of Admiral Jeremy Boorda. RIMS further revealed that the documents were located in the Historical Section (Shelf 5, Section A, Column D, Row 2 with a permanent retention period) of NCIS's Records Management Branch at NCIS Headquarters located in Quantico, Virginia. The employee retrieved the file and reviewed each document contained herein for records responsive to [Plaintiff's] FOIA request.

(Decl. of Karen Richman, Head, Government Information Sharing Unit, NCIS, Doc. No. 44-3, ¶ 5.) As further explained to Plaintiff, "in light of recent litigation, [the Navy] conducted an additional search for responsive documents." (Id., Ex. A.) As a result of this search, Plaintiff received from the Navy the same eleven pages (with the same redactions) as he received in response to Request 2 in 2012.

6

The Navy's recent response to Request 5 puts this Court and the litigants in the same position as in *Sikes I* in litigating Plaintiff's claim respecting Request 2. That is, Plaintiff has filed a lawsuit challenging the Navy's decision to withhold responsive documents, which compelled the Navy to reverse its decision and produce the responsive documents. What is the Court left to do in this situation?

In *Sikes I*, Plaintiff's claim respecting Request 2 was dismissed as moot.[6] (See Order of Jan. 10, 2013.) The Court explained that it has jurisdiction over a claim brought "to enjoin the agency from withholding agency records or to order the production of any agency records improperly withheld from the complainant." (Id. at 10 (quoting 5 U.S.C. § 552(a)(4)(B)).) Because Plaintiff could not show, and in fact abandoned any argument, that the Navy improperly withheld agency records in response to Request 2, the claim was dismissed. (Id. at 11.)

Once again, the Navy has produced documents after Plaintiff brought a claim against it for improperly withholding agency records. Similarly, the Navy seeks dismissal of the claim (through a summary judgment motion as opposed to a motion to dismiss) based

---

[6] While the Court refers to its lack of subject matter jurisdiction in the Dismissal Order of January 10, 2013 in *Sikes I*, the Eleventh Circuit made clear that in dismissing a claim based upon the Navy's compliance, this Court is assessing the merits of Plaintiff's claim, i.e., that the Navy improperly withheld responsive documents under FOIA. Sikes, 896 F.3d at 1232 n.2. Thus, the Navy's motion to dismiss should have been viewed as one for failure to state a claim upon which relief may be granted. Id.

7

upon its compliance. This time, however, Plaintiff opposes dismissal of the claim. The Court must therefore assess whether there is a genuine dispute of material fact respecting whether the Navy has violated the FOIA.

At the outset, the Navy contends that the Court may not examine the merits of Plaintiff's claim because relitigation of the sufficiency of its response to Plaintiff's request is precluded by *res judicata*. The Navy explains that Plaintiff had the opportunity to challenge its response to Request 2 in *Sikes I*; yet, Plaintiff failed to challenge either the adequacy of its search or the propriety of its redactions. Thus, Plaintiff should be precluded from making similar challenges to Request 5, which seeks the same material. In support, the Navy points to the following comment in the Eleventh Circuit opinion: "[I]f the Navy had responded to [Plaintiff's] identical Request 5 by giving him those same eleven pages, [Plaintiff] might be barred from arguing that the Navy should have given him anything more." Sikes, 896 F.3d at 1236 (citation omitted).

There is some appeal to this argument. However, it is the Court's view that the Navy's response to Request 5 must be assessed independently. Indeed, the Eleventh Circuit went on to point out that the Navy did not just give Plaintiff the same eleven pages; rather, the Navy provided no records to Plaintiff in response to Request 5. Id. Thus, Plaintiff's claim in the instant case did

not challenge the adequacy of the Navy's production to Request 2 from *Sikes I*. Instead, Plaintiff's claim in this case challenged the Navy's non-response to Request 5. Nothing that occurred in *Sikes I* addressed this issue, and therefore, Plaintiff's claim here is not precluded. Moreover, in actuality the Navy did not just give Plaintiff the same eleven pages. As previously discussed, the Navy conducted an additional and independent search to respond to Request 5. Thus, it is the Navy's response to Request 5, as an "independent-albeit duplicate-request" that is at issue now. See id. *Res judicata* has no application here.

Turning back to the issue at hand, the Court will now address whether the Navy's response to Request 5 entitles it to summary judgment. "Generally, FOIA cases should be handled on motions for summary judgment, once the documents at issue are properly identified." Miccosukee Tribe of Indians of Fla. v. United States, 516 F.3d 1235, 1243 (11th Cir. 2008) (quoted source omitted). The governmental agency bears the burden of showing "'beyond a material doubt . . . that it has conducted a search reasonably calculated to uncover all relevant documents.'" Id. at 1248 (quoted source omitted). The agency's FOIA search need not be perfect or exhaustive. Lee v. United States for S. Dist. of Fla., 289 F. App'x 377, 380 (11th Cir. 2008). Declarations tendered by the agency detailing its search are afforded a presumption of good faith that "cannot be rebutted by purely speculative claims about

9

the existence and discoverability of other documents." SafeCard Servs., Inc. v. SEC, 926 F.3d 1197, 1200 (D.C. Cir. 1991) (quoted source omitted). Once the agency demonstrates its search was reasonable, the burden shifts to the plaintiff to show the search was either unreasonable or not conducted in good faith. Ray v. United States Dep't of Justice, 908 F.2d 1549, 1558 (11th Cir. 1990), rev'd on other grounds sub nom. United States Dep't of State v. Ray, 502 U.S. 164 (1991). A plaintiff can rebut an agency declaration by raising "substantial doubt[s] as to the reasonableness of the search, especially in light of well-defined requests and positive indications of overlooked materials." Founding Church of Scientology of Washington, D.C. v. NSA, 610 F.2d 824, 837 (D.C. Cir. 1979), quoted in Greenberger v. Internal Revenue Serv., 283 F. Supp. 3d 1354, 1366 (N.D. Ga. 2017).

Here, the Navy has satisfied its initial burden through the declaration of Karen Richman. Plaintiff complains that the declaration reveals an inadequate search for three reasons: (1) Ms. Richman did not personally conduct the search; (2) the search was solely "electronic"; and (3) the search did not include the files of the Office of the Judge Advocate General ("OJAG").

First, an agency is not required to submit a declaration from the employee who actually conducted the search. Maynard v. CIA, 986 F.2d 547, 560 (1st Cir. 1993); Barnard v. Dep't of Homeland Sec., 531 F. Supp. 2d 131, 138 (D.D.C. 2008). "Instead, an agency

10

may rely on an affidavit of an agency employee responsible for supervising the search." Maynard, 986 F.2d at 560.

Second, Plaintiff's complaint about an "electronic" search is unfounded. The Richman declaration clearly states that the Navy used an electronic case filing system to locate the case file in its document retention center and that an employee retrieved the file and reviewed each document contained therein. The search was not merely "electronic."

Third, Request 5 was only directed to the NCIS. Request 8, which was submitted at the same time as Request 5, sought the same documents from OJAG, but Request 8 is not at issue in this case. Accordingly, Plaintiff's complaint in this regard is also meritless.

In addition to his complaints about the reasonableness of the search, Plaintiff attempts to rebut the presumption of good faith attached to the search by pointing out discrepancies and past conduct by the Navy in relation to the *Sikes I* litigation and in responding to other FOIA requests. For example, Plaintiff points to this Court's determination that the Navy acted in bad faith when awarding attorney's fees in *Sikes I*. The award of attorney's fees in *Sikes I* was predicated upon this Court's determination that Plaintiff's lawsuit was a "necessary impetus" to compel the Navy's disclosure of materials. (See *Sikes I*, Order of Dec. 6, 2013, Doc. No. 43, at 34.) The Court also found that the Navy had

offered "inconsistent, if not disingenuous, justifications for withholding" the documents, which suggested bad faith. (See id. at 34-35.) However, as already pointed out by the Court herein, the instant case is an independent matter. Thus, only the conduct of the Navy in withholding documents *in this case* informs the analysis of whether the Navy has acted in bad faith. Here, the Navy withheld responsive documents because it believed it had no obligation to *reproduce* documents to the *same* requester. In fact, this Court agreed with this position, until the Eleventh Circuit Court of Appeals reversed this ruling in a published opinion. Once the Navy's position was rejected, it immediately responded to Request 5. There is no evidence of bad faith here, and this Court's findings in *Sikes I* are irrelevant.

So too are the Navy's responses to other FOIA requests such as Requests 7 and 8. The appropriateness of the Navy's responses to other requests has not been an issue in this or any other case and therefore has never been litigated. On this limited remand, the Court may not essentially re-open this case to Plaintiff's allegations and speculation about the Navy's responses to other FOIA requests. To do so would go far beyond the Eleventh Circuit's holding that the Navy is obligated to respond to Request 5 as an independent FOIA request. To take evidence respecting the Navy's responses to other FOIA requests would exceed the scope not only

of Plaintiff's amended complaint but of the Eleventh Circuit's mandate as well.

Plaintiff also points to a memorandum he received in 2014 as evidence of bad faith. The memorandum, dated May 4, 1998, states that the copy of Admiral Boorda's backseat notes held by the NCIS office in Anacostia was destroyed. Obviously, this May 4, 1998 memorandum is contravened by the production of the backseat notes after the fact. That is, the production of the backseat notes in 2012 and in 2018 belies any notion that the Navy intentionally destroyed or withheld responsive documents. The May 4, 1998 memorandum is therefore not evidence of bad faith.

Finally, Plaintiff contends that the Navy's lack of certification of the records (i.e., a certificate of authenticity) evidences bad faith. Both parties agree, however, that the FOIA does not require the Navy to provide a certificate of authenticity. Rather, Plaintiff points to 32 C.F.R. § 701.5(h) as an additional requirement to provide one. The Court need not address this issue. Effective August 1, 2018, prior to the Navy's response to Request 5, the regulations pertaining to the Navy's FOIA program, located at 32 C.F.R. §§ 701.1 to 701.12, were removed from the Code of Federal Regulations. See 83 Fed. Reg. 37433-02 (Aug. 1, 2018). Instead, the supplementary rules governing any Department of Defense FOIA request, including the Department of Navy, are located at 32 C.F.R. part 286. There is no requirement for providing a

certificate of authenticity or any other type of certification within these governing regulations. Accordingly, Plaintiff's argument in this regard is moot.

## IV. CONCLUSION

In Plaintiff's Amended Complaint, he candidly states that "[i]f no substitution had been involved in the Navy's answer to Request 2, the proper answer to Request 5 would have been to repeat the content of what the Navy furnished to Plaintiff during *Sikes I*." (Am. Compl., Doc. No. 19, ¶ 72 n.57.) Despite the Navy having done exactly that, Plaintiff opposed the Navy's motion for summary judgment, insisting that the Navy's response was insufficient. Yet, beyond speculation and irrelevant allegations, Plaintiff has failed to show a genuine dispute of material fact as to the reasonableness of the Navy's search for responsive records to Request 5 or as to the Navy's good faith in conducting the search and providing the responsive records. Accordingly, the Navy's motion for summary judgment (doc. no. 44) is **GRANTED**. The Clerk is directed to **ENTER JUDGMENT** in favor of Defendant.

This ruling places this case in an unusual circumstance wherein the Navy appears to be the prevailing party with judgment entered in its favor, yet Plaintiff has been provided the relief he sought. The notion of "prevailing party" therefore is somewhat atypical, particularly for purposes of awarding costs and

14

attorney's fees under Federal Rule of Civil Procedure 54(d). More plainly, the Navy is not entitled to an award of costs under Rule 54(d) as the prevailing party even though judgment is entered in its favor.

Moreover, the FOIA provides that "[t]he court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which [a plaintiff] has substantially prevailed." 5 U.S.C. § 552(a)(4)(E)(i). A plaintiff "has substantially prevailed if [he] has obtained relief through . . . a judicial order." Id. § 552(a)(4)(E)(ii)(I). Here, Plaintiff obtained relief through the Eleventh Circuit opinion holding that the Navy could not withhold documents responsive to Request 5 simply because it had previously provided the documents to Plaintiff in response to another request. Thus, Plaintiff is entitled to reasonable attorney's fees and expenses in prosecuting his claim with respect to Request 5. The Court notes that Plaintiff retained an attorney to litigate his appeal before the Eleventh Circuit. Plaintiff and his prior counsel are therefore invited to submit a bill of costs and an appropriate, verified application for reasonable attorney's fees and reimbursement of expenses related to the appeal of this case to the Eleventh Circuit Court of Appeals.[7] Such request must be

---

[7] The Clerk is directed to send a copy of this Order to John M. Hamrick, Esq. of the Holland & Knight law firm in Atlanta, Georgia.

filed within twenty-one (21) days of the date of this Order. Defendant shall have fourteen (14) days from the date of Plaintiff's submission to file any objections.

**ORDER ENTERED** at Augusta, Georgia, this 2nd day of January, 2019.

_____
UNITED STATES DISTRICT JUDGE