IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

THOMAS W. SIKES,                *
                                *
    Plaintiff,              *
                                *
    v.                      *    CV 316-074
                                *
UNITED STATES DEPARTMENT OF     *
THE NAVY,                       *
                                *
    Defendant.              *

**O R D E R**

On January 2, 2019, this Court granted a motion for summary judgment filed by Defendant United States Department of the Navy ("the Navy") following remand from the Eleventh Circuit Court of Appeals. At the conclusion of the Order of January 2, 2019, the Court noted the "unusual circumstance" wherein the Navy had prevailed on its motion, but Plaintiff Thomas W. Sikes had obtained the relief he sought under the Freedom of Information Act ("FOIA").[1] Given that posture, the Court announced that Plaintiff was entitled to an award of costs and attorney's fees pursuant to Federal Rule of Civil Procedure 54(d) and FOIA, 5 U.S.C. § 552(a)(4)(E). Plaintiff and his appellate counsel were then invited to submit a bill of costs and request for attorney's fees,

---

[1] 5 U.S.C. § 552 *et seq.*

and the Navy was afforded fourteen days thereafter to file any objections.

Plaintiff filed a *pro se* bill of costs on January 24, 2019. Plaintiff's appellate counsel filed an application for the award of attorney's fees on January 23, 2019.[2] The Navy has now filed a timely motion for reconsideration of that part of the Court's Order of January 2, 2019, that awarded attorney's fees and costs. The Court resolves the matter as follows.

The Navy's primary complaint in its motion for reconsideration is that it did not have prior notice that the Court was considering an award of fees and costs, and therefore, it did not have an opportunity to be heard on the matter.[3]

Rule 54(d)(1) provides that costs may only be awarded against the United States "to the extent allowed by law." FOIA allows an award of "litigation costs reasonably incurred" to a "complainant [who] has substantially prevailed." 5 U.S.C. § 552(A)(4)(e)(1). Attorney's fees may be awarded to an FOIA complainant pursuant to both Rule 54(d)(2) and FOIA, 5 U.S.C. § 552(A)(4)(e)(1) ("The court may assess against the United States reasonable attorney fees . .

---

[2] While the attorney fee application was filed by John M. Hamrick, Esq. of Holland & Knight, LLP, in Atlanta, Georgia, it appears that the fees were actually incurred by an associate in the firm, Matthew D. Friedlander, Esq.

[3] The Navy secondarily complains that Plaintiff did not seek an award of costs and attorney's fees in his complaint or amended complaint. Rule 54 does not contain a pleading requirement. Moreover, Plaintiff filed this action *pro se*; Mr. Hamrick only represented Plaintiff on appeal. Thus, it would not be reasonable to require Plaintiff to have sought attorney's fees prior to the appeal.

2

. incurred in any case under this section in which the complainant has substantially prevailed.") Thus, there is no question that the Court may award attorney's fees and costs in the exercise of sound discretion. That said, Rule 54(d)(2)(A) anticipates that a claim for attorney's fees and related nontaxable expenses be made by motion, and Rule 54(d)(2)(C) provides that "the court must, on a party's request, give an opportunity for adversary submissions on the motion." In this case, the Navy has taken the opportunity, through its motion for reconsideration, to submit its arguments against the award of attorney's fees and costs. To be sure, the Navy accurately points out that although a plaintiff may be eligible for attorney's fees and costs under FOIA, it does not necessarily follow that the plaintiff is *entitled* to an award of attorney's fees and costs.

By way of further explanation, FOIA authorizes a court to award attorney's fees if a plaintiff "substantially prevailed" in the lawsuit. 5 U.S.C. § 552(a)(4)(E)(i). A plaintiff "has substantially prevailed if [he] has obtained relief through . . . a judicial order." Id. § 552(a)(4)(E)(ii)(I). In the Order of January 2, 2019, this Court prematurely determined that Plaintiff is eligible for attorney's fees and costs under this FOIA standard. The analysis did not go far enough however. In adopting binding precedent from the Fifth Circuit, the Eleventh Circuit has directed that

> [e]ven where a plaintiff substantially prevails, he will not necessarily be entitled to attorneys' fees. Instead, the district court must look to (1) the benefit to the public resulting from the FOIA request; (2) the commercial benefit to the plaintiff from the request; (3) the nature of the plaintiff's interest in the records; (4) the reasonableness of the Government's justifications for nondisclosure; and (5) any other applicable criteria "from the older body of equitable decisions on attorneys' fees."

Chilivis v. SEC, 673 F.2d 1205, 1212 n.16 (11th Cir. 1982) (quoted and cited sources omitted). This analysis is yet incomplete. The Navy's motion for reconsideration (doc. no. 67) is therefore **GRANTED**, and that portion of the Order of January 2, 2019, which determines that Plaintiff is entitled to reasonable attorney's fees and costs is hereby **VACATED**.

Both Plaintiff's attorney and the Navy address the factors listed above in their recent submissions. Nevertheless, the Court declines to rule until convinced that all interested parties have had the opportunity to fully address the matter. In the Court's preliminary view, the Navy has, in its own words, "argued forcefully against" the award of fees and costs in this case. (Mot. for Recons., Doc. No. 67, at 3.) Moreover, the burden is upon Plaintiff to demonstrate that he is entitled to attorney's fees. Abernethy v. IRS, 909 F. Supp. 1562, 1567 (N.D. Ga. 1995). Accordingly, the Court will afford Plaintiff's *counsel*[4] an

---

[4] Plaintiff Thomas W. Sikes is not an interested party with respect to the attorney's fees issue. Mr. Friedlander represented Mr. Sikes on appeal *pro bono*. Thus, Mr. Sikes has not incurred any legal fees as a result of Mr. Friedlander's representation. The Court will therefore not consider any *pro se*

4

opportunity to respond to the arguments against the award of attorney's fees and costs set forth in the Navy's motion for reconsideration prior to ruling on the issue. Should Plaintiff's counsel wish to avail himself of this opportunity, he must do so within fourteen (14) days hereof. The Navy is afforded ten (10) days thereafter to respond. The Court will then rule on the matter of whether an award of attorney's fees and costs in this case is appropriate.

**ORDER ENTERED** at Augusta, Georgia, this 20th day of February, 2019.

_____
UNITED STATES DISTRICT JUDGE

---

brief submitted by Mr. Sikes on the attorney's fees issue. Mr. Sikes may rest assured that should the Court decide to award fees and costs under FOIA, the expenses listed on his "Bill of Costs" submitted on January 24, 2019, will be considered.

5