FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2019 MAR 21 PM 1:29
CLERK 2Burton
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

THOMAS W. SIKES,     *
                      *
    Plaintiff,     *
                      *    CV 316-074
    v.     *
                      *
UNITED STATES DEPARTMENT OF     *
THE NAVY,     *
                      *
    Defendant.     *

## O R D E R

Before the Court in the captioned case is the matter of whether Plaintiff Thomas W. Sikes's appellate counsel should be awarded attorney's fees and costs under the Freedom of Information Act ("FOIA").[1,2]

The FOIA provides: "The court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed." 5 U.S.C. § 552(a)(4)(E)(i). A plaintiff "has substantially prevailed if [he] has obtained relief through . . . a judicial order." Id. § 552(a)(4)(E)(ii)(I). In this case, Plaintiff obtained relief on appeal when the Eleventh Circuit held that the Navy could not

---

[1] 5 U.S.C. § 552 et seq.

[2] The law firm of Holland & Knight represented Plaintiff pro bono and only on appeal.

withhold documents responsive to his FOIA request simply because it had previously provided the documents to Plaintiff in response to a prior request. Thus, Plaintiff may be eligible for an award of attorney's fees.

The Eleventh Circuit, however, has directed that

> [e]ven where a plaintiff substantially prevails, he will not necessarily be entitled to attorneys' fees. Instead, the district court must look to (1) the benefit to the public resulting from the FOIA request; (2) the commercial benefit to the plaintiff from the request; (3) the nature of the plaintiff's interest in the records; [and] (4) the reasonableness of the Government's justifications for nondisclosure.

Chilivis v. SEC, 673 F.2d 1205, 1212 n.16 (11th Cir. 1982) (quoted and cited sources omitted). The first three factors assist a court

> in distinguishing between requesters who seek documents for public informational purposes and those who seek documents for private advantage. The former engage in the kind of endeavor for which a public subsidy makes some sense, and they typically need the fee incentive to pursue litigation; the latter cannot deserve a subsidy as they benefit only themselves and typically need no incentive to litigate.

Davy v. CIA, 550 F.3d 1155, 1160 (D.C. Cir. 2008).

The determination of whether a party is entitled to attorney's fees is in the discretion of the court. Lovell v. Alderete, 630 F.2d 428, 431 (5th Cir. 1980). The burden is on Plaintiff to demonstrate that he is entitled to attorney's fees. Abernethy v. IRS, 909 F. Supp. 1562, 1567 (N.D. Ga. 1995).

The first factor militates against an award of attorney's fees. The public benefit factor is satisfied if "the complainant's

2

victory is likely to add to the fund of information that citizens may use in making vital political choices." Cotton v. Heyman, 63 F.3d 1115, 1120 (D.C. Cir. 1995) (quoted source omitted). The Fifth Circuit stated that in weighing this factor, "a court should take into account the degree of dissemination and likely public impact that might be expected from a particular disclosure." Blue v. Bureau of Prisons, 570 F.2d 529, 533-34 (5th Cir. 1978). In this case, the documents at issue, the "backseat notes," had already been produced to Plaintiff in response to prior litigation. Thus, there is no public interest in disclosing information that was already in the public domain. See Nw. Coal. for Alts. to Pesticides v. Browner, 965 F. Supp. 59, 64 (D.D.C. 1997) ("The court must also consider the extent to which the information released is already in the public domain."). Plaintiff argues that his second request "vindicated the public interest in confirming the accuracy" of the Navy's prior production. (Reply Br., Doc. No. 73, at 2.) This justification, however - the testing of government agency compliance through redundant requests - does very little to impact the public; rather, it is more likely a waste of government resources.

The second and third factors, commercial benefit to the plaintiff and nature of the plaintiff's interest in the documents, are often considered together. Abernethy, 909 F. Supp. at 1568. In assessing these factors in relation to Plaintiff's original

request for the "backseat notes" in *Sikes I*, this Court was not persuaded one way or the other.³ The Court found Plaintiff's interest in the requested documents to be of a private nature and remarked that Plaintiff stood to benefit commercially from disclosure through the publication of a book. (See Order of Dec. 6, 2013, Doc. No. 43, at 38-39, in *Sikes I*.) Nevertheless, "Plaintiff ha[d] also demonstrated his 'scholarly or public-interest' motivations in writing about Admiral Boorda, which temper[ed] his private and commercial interests." (Id. at 39.) Here, Plaintiff has done nothing to tip the balance in his favor with respect to these factors. Moreover, as noted, the "backseat notes" have already been disclosed to Plaintiff so that any public benefit to be realized from production should have already occurred.

The final factor, the reasonableness of the Navy's withholding of the requested documents, weighs heavily against awarding attorney's fees. To satisfy this factor, the Navy need only have "a colorable basis in law" for withholding the information. Davy, 550 F.3d at 1162; Abernethy, 909 F. Supp. at 1568. The Court should also determine whether the Navy was "recalcitrant in its opposition to a valid claim or otherwise engaged in obdurate behavior." Davy, 550 F.3d at 1162 (internal

---

³ Sikes v. United States, Civil Action No. 312-045 (S.D. Ga. May 24, 2012) ("*Sikes I*").

4

citations and quotations omitted). In other words, the Court must consider the "merits of an agency's nondisclosure decision." See Brayton v. Office of United States Trade Representative, 641 F.3d 521, 528 (D.C. Cir. 2011). The Navy advances two bases for why it initially withheld the records. First, the Navy's position reflected its regulations in place at the time. See 32 C.F.R. § 701.8(n)(8) (effective through July 31, 2018) (providing that a request should be denied if it "is duplicative of another request which has already been completed or currently in process from the same requester"). Second, at least one other district court agreed with the Navy's position. See Toensing v. United States Dep't of Justice, 890 F. Supp. 2d 121, 140 (D.D.C. 2012) (observing that "[a]gency resources are not unlimited, and thus allowing requesters to monopolize scarce agency resources in this way-through filing duplicative requests where the records are static-would also disserve the purposes of the FOIA because every minute spent giving de novo reassessment to a duplicative request is a minute not spent processing new requests and disclosing new, previously undisclosed records"). Moreover, at the time of withholding the documents, there was no precedential case authority contrary to the Navy's position. See Frydman v. Dep't of Justice, 852 F. Supp. 1497, 1504-05 (D. Kan. 1994). There is also the fact that this Court agreed with the Navy's position that it need not reproduce documents to the same requester. Finally,

nothing in the record of this case demonstrates that the Navy was recalcitrant or obdurate. Indeed, the Navy sent a letter to Plaintiff in response to his request that it had in fact "again reviewed the investigative file and determined that the records provided to [him] were complete." (Def.'s Mot. for Summ. J., Doc. No. 44, Ex. 2, at 4 (Letter to Pl. of July 10, 2014).) After the Eleventh Circuit determined that the letter was insufficient to comply with its FOIA obligations, the Navy conducted another search and reproduced responsive documents. (See generally Order of Jan. 2, 2019, Doc. No. 61.)

In balancing the factors, Plaintiff is not entitled to an award of attorney's fees in this case. The public benefit resulting from this case, if any at all, is very limited. And, the Navy's conduct in withholding the documents was reasonable. Accordingly, the Court will not award attorney's fees and costs to Plaintiff in this case.

Upon the foregoing, the motion for attorney's fees (doc. no. 64) is **DENIED**. The Clerk is directed to **CLOSE** this case.

**ORDER ENTERED** at Augusta, Georgia, this ____ day of March, 2019.

_____
UNITED STATES DISTRICT JUDGE